VOOKHEES, J.
The plaintiff’s action is a suit for the assignment of dower under the statutes, and the petition is in the usual form. The defendant’s answer admits the facta stated in the petition,and pleads further:
“But they say that they and plaintiff have agreed by oral contract,made in April, 1900, that they might hold all of said lands without assignment of dower therein for and during the year extending from April, 1900, to April, 1901, and that they should pay plaintiff a rental of $155.00 therefor, payable semi-annually; and that pursuant to said agreement they hold possession of said lands.”
The only questions presented by the record and the agreed statement of facts are, first, as to the taxation of the costs under section 5718, Revised Statutes; and second, is the plaintiff entitled to recover, as part of her costs or expenses, attorney fees.
It is conceded in the argument, and we would so hold, that the answer is a resistance to the plaintiff’s right to have assignment of dower; and if established, it would defeat her action, because if there was an agreement giving those parties the right to have possession of the whole of *251 the premises for the year ending April, 1901, her action would have been prematurely brought. Therefore, that being the case and the issue thus presented under section 5718, she would be entitled to recover all her costs in the suit. The section seems to be plain and without any obscurity so as to require construction.
If this had been an action under the statutes for the assignment of dower without an answer being interposed in the way of resistance, it would be very clear that the plaintiff would have to pay one-third of the costs of the suit, and the legal owners of the land two-thirds.
So that disposes of the first question that we have in this case, holding as we do that the answer, having presented the question above referred to, was a resistance to the plaintiff’s right to have dower assigned in those premises between April, 1900, and April, 1901,
That leaves, then, the only question remaining, what is to be understood by the payment of the costs of the suit? And the remaining contention in the case arises upon this question.
It is contended on behalf of the plaintiff that“costs,” as contemplated by the statute, means, in addition to the court costs, expenses necessary in bringing the suit, which would also include the attorney fees of the plaintiff. This is the main question of contention between the parties. Our first inquiry will be, what is to be undertood by the term “costs” in its common law or technical sense? We think that this is settled by the supreme court in Pope v. Pollock, 46 Ohio St., 367. I will read a portion of the decision on page 371, which we think gives a clear and comprehensive, definition of costs as it would be understood at common law.
“But in Ohio the successful party in an ordinary action recovers only the fees of witnesses and court officers, having his own personal expenses in preparing the case, in attending the trial, and his attorney fees for preparation and for trial, to be paid without reimbursement. Taxed costs are not here regarded as affording full compensation for expenses incurred, for in cases where damages may be recovered for malicious injury, fees of counsel as well as court costs, are included in compensatory, and not punitive damages. ”
*252 Now, as we have already remarked, at common law, without the aid of a statute, the successful party in a suit could not recover expenses he was subject to in making his defense by way of attorney fees. He can not be reimbursed for this.
That leaves us to the consideration of the question, does the statute in a case like this, afford fees to the counsel who may bring the suit for the assignment of dower in an ordinary action (not a suit in partition); that is the nature of this action; a suit simply for the assignment of dower for the widow. In such case as that, is the plaintiff entitled to have reimbursed to her as a part of the expenses of her suit, the attorney fees of counsel who may bring her action ? To answer this question in favor of the plaintiff, we must do so, if at all, by the language of the statute; otherwise, if it is not so provided, then the plaintiff would not be able to recover such expenses.
Now it is claimed that section 5711, Revised Statutes, affords a rule of construction which would bring this case within its provisions, so that the plaintiff, in addition to the ordinary costs, should recover expenses; and it is claimed that expenses would include attorney fees.
Section 5711, Revised Statutes, reads as follows:
“When plaintiff dies before the assignment of dower, or before entry of the final judgment, the action may be revived in the name of the executor or administrator; the court shall proceed to. hear and determine, if not before decided, whether plaintiff would have been entitled to dower in such action; if it be found that plaintiff would have been so entitled, the court shall adjudge in favor of such executor or administrator a sum equal to one-third of the rental value of the real estate to which it is found the plaintiff would have been entitled to dower, from the time of filing the petition until death, after deducting one-third of the necessary expenses; * * *”
The contention of the plaintiff here is that all “necessary expenses” here would include attorney fees. We do not so understand the statute, nor do we think it contemplates expenses of that sort. The expenses here referred to are the expenses contemplated in section 5715.
Section 5715, Revised Statutes, so far as material, is as follows:
*253 “The commissioners shall, after they have set off and assigned dower, make a ju,st and true appraisement of the yearly value after deducting necessary expenses, of the real estate in which the widow or widower is entitled to dower, estimating such value from the day of filing the petition to the day of assignment of dower, and make return of such appraisement and assignment, and the court shall adjudge the payment of one-third of the whole sum so returned, to the widow or widower, out of the real estate not covered by the dower, upon which judgment execution may issue.’’
Now, in arriving at the amount that is to be ascertained from the filing of the petition up to the time the dower is assigned, which is to be determined by the yearly rental value of the property, deducting the necessary expenses that would pertain to and attach to the annual rental of the premises, we must refer to section 5712, Revised Statutes, which reads as follows:
“Where dower is adjudged, the court shall appoint three judicious, disinterested men of that county in which the action is pending, who are not of kin to either of the parties interested, to be commissioners, and issue its order to the sheriff of that county, commanding him that, by the oaths of the commissioners, which may be administered by him, he cause to be set off and assigned such dower to the plaintiff, in the manner set forth in the judgment,’’
Dower is to be first set off; then they are to proceed and ascertain what she would be entitled to in the way of rental, from the time of bringing the action until the time of assignment of dower; that is what section 5711, Revised Statutes, refers to; the expenses that are to be deducted from the sum so ascertained.
So we do not think that either of the sections that have been cited to us by counsel, as referring to expenses, contemplates the payment of attorney fees as part of the expenses of the court.
Then it is claimed that by analogy, section 5778, Revised Statutes, which is the partition statute, can be made to apply to the case here.
“The court, having regard to the interest of the parties, and the benefit each may derive from a partition, and ac *254 cording to equity, shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which shall be paid to plaintiff’s counsel, unless the court award some part thereof to other counsel for services in the case for the common benefit. * * *”
If the contention of counsel is correct, it would not have been necessary to use the words “Shall tax the costs and expenses which accrue in the action including reasonable counsel fess.” If reasonable counsel fees are to be understood in using the language of the former section, it was unnecessary for them to repeat here “As fixing the expenses that might be taxed including reasonable counsel fees.”
It is to be presumed that the legislature, in using the word “expenses,” understood what it meant, and if expenses included reasonable counsel fees,it would have been unnecessary to have followed it with those words. That is the construction in referring to counsel fees as being part of the expenses awarded. The statute should be somewhat closely examined in order to get this proper construction.
Now the court “having regard to the interest of the parties and the benefit each may derive from the partition, and according to equity, shall tax the costs and expenses including reasonable fees. ” If there is no contest in a partition suit, the attorney who brings the action for the plaintiff is entitled to have his fees paid out of the proceeds; but if there is a contest, even in a partition suit, the rule would be different.
How can it be claimed in an action such as this, that the defendants are benefited by the action? It is different, as far as they are concerned,and especially in a case like this, where a contest subjects them to the payment of costs, and therefore, in order that this section could have an application in the language of the statute, the partition must be for the common benefit of all the parties, before there can be any taxation of costs against the defendant.
Now we think that The National Bank v. Railroad Co., 62 Ohio St., 564, 567, supports this view, but we will cite first Young v. Stone, 55 Ohio St., 125, as perhaps the better illustration of the principle for which we are contending.
In the opinion in Young v. Stone, supra, on page. 133, the court say:
*255 “Whether, regard being had to the character of the services, the court had power, under section 5778, Revised Statutes, to make an allowance of any sum to the attorhey for services in the litigation between the representatives of the whole blood and those of the half-blood, of Silas S. Stone, deceased; or (2) if so, had it power to make any allowance, when it appeared that the attorney and his clients had an express written agreement as to what his compensation should be for all services to be rendered in the matter.
‘"(1) The statute under which the allowance was made reads as follows:
“ ‘The court,having regard to the interest of the parties and the benefit each may derive from a partition, and according to equity, shall tax the costs and expenses which accrue in the action,including reasonable counsel fees, which shall be paid to plaintiff’s counsel unless the court award some part thereof to other counsel for services in the case for the common benefit of all parties; and execution may issue therefor as in other cases.’ Section 5778, Revised Statutes.
“Now it is evident, we think, from the language of this section in connection with its history, that the services of the ‘plaintiff’s counsel’ in partition proceedings for which the court may make an allowance and cause the same to be taxed along with ‘the costs and expenses which may accrue in the action,’ are such services as are rendered ‘for the common benefit of all parties’ in the case. The statute as first enacted, 29 Laws, 254, section 16, simply included the costs and expenses that may accrue in the action. These of'course could not be otherwise than for the common benefit. It was afterward, in 1880, so amended, as to include a ‘reasonable counsel fee’ to be paid the plaintiff’s counsel, ‘unless the court award some part thereof to other counsel for services in the case for the common benefit of all the parties.’ The latter clause, ‘for the common benefit of all the parties,’ is a controlling one in the construction of the statute. Services for which an allowance may be made to other counsel and taxed as part of the costs, are required to be of like character with the costs, expenses and the counsel fee authorized to be taxed in favor of the plaintiff’s *256 counsel in the case. So that no counsel fee, whether to the plaintiff’s counsel or otherwise, can be allowed by the court and taxed as costs in the case, under this section, unless the services were rendered for the common benefit of all the parties. The services rendered are to be such as may be taxed as costs and expenses and apportioned to the parties according to their respective interests, The allowance made in this case, and taxed to the one-sixth interest owned by Mrs. Young, her husband and Carlisle, was not for such services. They in no way benefited or affected the next of kin of Margaret Stone, deceased.
“But it is claimed that the language, ‘The court having regard to the interest of the parties and the benefit each may derive from a partition, and according to equity,’ conferred power on the court to make.the allowance it did, and to charge it upon the interest of Mr. Young, her husband, and Mr. Carlisle, in the property as partitioned, as the equitable contribution they should make to the services rendered by Mr. Russell in defeating the claim made ' by the half-bloods. The statute does not warrant this con'struction. Without doubt the court may determine the proportion of the costs, expenses and counsel fees of the character above stated, that should be taxed to each party, regard being had to the interest of each in the subject of partition; but the costs, expenses and counsel fees so apportioned, must have been made for the common benefit of all parties to the action, and must not include compensation for services rendered by áounsel in litigation between some of the parties to the suit, and others who are adversaries in interest. Compensation for such services is a matter of agreement between the counsel and his clients, express or implied; and the court, in such case, has no more power to fix the compensation the plaintiff should pay his counsel, than it has in an ordinary civil action. Such has been the construction placed by the courts of other states on their own statutes similar to ours; and also conforms to the rule observed in equity. In Grubb’s Appeal, 82 Pa. St., 1, it was held that it was ‘indispensable aid only that was contemplated — 'Such usual and accustomed services as the exigencies of such cases should render necessary. The compensation of counsel for services in the trial of contested *257 cases was not the end in view. ’ In Fidelity Insurance Co. Appeal, 108 Pa. St., 342, it was held that: ‘The fees should be graduated according to the circumstances of each case, the nature and extent of the services necessarily rendered for the common benefit of all the parties in the case. It (the compensation) does not include the expenses of adversary proceedings resulting from a defense to the demand for partition, or from any other cause.’ ” .
Now, giving the construction to the section of the statute that the supreme court has here, we think in this case, where it is in the nature of an adversary proceeding, and, by reason of that adversary proceeding, defendants have subjected themselves to the payment of costs, it surely does not contemplate that it includes the payment of counsel fees in that contested suit.
Therefore our opinion is that the plaintiff’s counsel is not entitled to have payment of his fees taxed against the defendant.